DIANA GRIBBON MOTZ, Circuit Judge,
concurring in part III and in the judgment:
The defendants’ wire transmittal business did not constitute a “lawful activity” under U.S.S.G. § 2S1.3(b)(2) because they failed to obtain the licenses required by Virginia and federal law. For this reason, I concur in the judgment affirming the district court’s conclusion that the defendants were not entitled to the sentencing reduction offered by the safe harbor provision of U.S.S.G. § 2S1.3(b)(2). I do not join the majority’s rationale, however, because if the defendants had obtained the requisite licenses, then I believe that they would have qualified for U.S.S.G. § 2S1.3(b)’s safe harbor reduction.
Section 2S1.3(b) provides that a defendant convicted of structuring can obtain a decrease in his offense level to level 6 if:
(A) subsection (b)(1) does not apply [that defendants did not know or believe that the funds were the proceeds of' unlawful activity or were intended to promote unlawful activity];
(B) the defendant did not act with reckless disregard of the source of the funds;
(C) the funds were the proceeds of lawful activity; and
(D) the funds were to be used for a lawful purpose.
Id. § 2S1.3(b)(2). Because the Government concedes that (A) and (B) are satisfied in this case, this appeal involves only the final two conditions, (C) and (D).
' The defendants argue that they are entitled to the benefit of the safe harbor reduction because the only conduct relevant under the Guidelines in determining whether the structured funds were the “proceeds of lawful activity” or “used for a *320 lawful purpose” is the financial structuring by the defendants themselves, not the conduct of the people who gave the defendants money to be wired or the recipients of the wire transfers. Thus, the defendants maintain that they proved by a preponderance of the evidence that they received the structured funds as part of a “lawful activity,” ie., operating a wire transfer business (if they had obtained the required licenses), and used the funds for a “lawful purpose,” ie., wire transferring. For these reasons they assert that they satisfied conditions § 2S1.3(b)(2)(C) and (D) and so were entitled to the safe harbor reduction.
The Government, and now the majority, contend that this is not so because the defendants must prove not only that their own activity and purposes were lawful, but also that those from whom they received funds engaged in a lawful activity and those to whom they sent the funds used them for a lawful purpose. It is true, of course, that a co-conspirator is responsible for, and so may be sentenced on the basis of, “all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.” U.S.S.G. § lB1.3(a)(l)(B). But “conduct of others that was not in furtherance of the criminal activity jointly undertaken by the defendant[s], or was not reasonably foreseeable in connection with that criminal activity, is not relevant conduct[.]” See U.S.S.G. § 1B1.3 cmt. n. 2. Since there is no suggestion here that the defendants jointly undertook any crimi-nal activity beyond illegal structuring, the manner in which the defen-dants’ clients obtained the structured funds and the manner in which recipients of the funds used the money does not constitute relevant conduct attributable to defendants for sentencing purposes.
Although unacknowledged by the majority, the only circuit to consider the question has interpreted the safe harbor provision as I do. See United States v. Bove, 155 F.3d 44 (2d Cir.1998). There, as here, the district court declined to apply the safe harbor provision. The defendant had used illegally structured money to buy property from a seller who then failed to report all the proceeds from the sale. Relying on that failure, the district court held that the buyer was not entitled to the safe harbor reduction, reasoning that the structured funds were ultimately used by the seller of property, which had been legitimately purchased (albeit with structured funds), to evade taxes and therefore not “used for a lawful purpose.” The Second Circuit reversed, holding that “ § 2S1.3(b)(2)(D) speaks in terms of the purpose for which the structured funds were used by the defendant.... [H]ere, the funds were used for [the defendant’s] wholly lawful purpose of purchasing real estate.” Id. at 48-49. For this reason, the Second Circuit held that the defendant was indeed entitled to the safe harbor reduction.
I find the Second Circuit’s rationale and holding compelling and would not create a circuit conflict. But, as noted above, since the defendants’ wire transmittal business in this case did not in fact constitute a lawful activity because they failed to obtain the required licenses, I concur in the judgment affirming the district court’s denial of the safe harbor reduction.